SCHNEIDER and wife, Appellants, v. WARNER and husband, Respondents.

*No. 414. Submitted under sec. (Rule) 251.54 February 5, 1975.— Decided June 30, 1975.*

(Also reported in 230 N. W. 2d 728.)

For the appellants the cause was submitted on the briefs of *Walter M. Tammi* and *Schneider & Tammi,* all of Milwaukee; and for the respondents the cause was submitted on the brief of *Quarles & Brady* of Milwaukee, attorneys, and *Peter W. Bunde, David E. Jarvis* and *Larry J. Jost,* all of Milwaukee, of counsel.

HEFFERNAN, J. The evidence supports the findings of fact made by the trial court. Therefore, the question in this case is whether the court correctly invoked the rule of *Ochiltree v. Kaiser* (1963), 20 Wis. 2d 191, 121 N. W. 2d 890, that time may be made of the essence after breach of a contract for the sale of land by reasonable notice to the party in default to perform.

In this case, the sellers promised to furnish the buyers' choice of an abstract or title policy, if obtainable, as title evidence. The sellers furnished an abstract, but the buyers demanded a title policy. The buyers undertook to obtain the policy as the agent of the sellers. They were unable to do so, because of a lack of a survey. The failure to get the survey, which was attributable to the buyers, made the title policy unobtainable as evidence of title, and precluded the buyers from exercising

their choice of either a title policy or an abstract. Thus, the tender of the abstract, under the facts of this case, satisfied the condition precedent for furnishing title evidence before the buyers could tender performance.

The sellers not being in default, the question arises whether the trial court's conclusion that the buyers were in default with regard to the closing date can be sustained. In effect, the trial court held that the contract contained an implied obligation to close within a reasonable time and the buyers did not do so. This is going too far. Under the contract the sellers had an obligation to furnish a title policy until it was determined that such policy was unobtainable. This was a condition precedent to the buyers' obligation to tender performance. The buyers were not in default prior to the notice of January 14, 1970. However, this does not mean that the judgment should be reversed.

*Ochiltree v. Kaiser, supra,* applies to a situation where a definite time for performance is fixed in a contract for the sale of land, although the time fixed is not of the essence of the contract. In such circumstances, a party not in default can tender performance of his obligation and, by notice, fix a reasonable time for return performance by the party in default. But what of a situation where no definite time for performance is fixed? Is one party obliged to wait indefinitely upon the other? We hold he is not. Both Corbin[1] and Williston[2] support the proposition that where no definite time is fixed for performance, one party may serve notice on the other fixing a reasonable time for performance and thereby place a time limit on his own liability. This is because a contract for sale of land is one for simultaneous exchange of performance, the seller's conveyance of merchantable title, and the buyer's payment of the purchase price. The

[1] 3A Corbin, *Contracts*, p. 382, sec. 723.
[2] 6 Williston, *Contracts*, p. 209, sec. 852.

duty of each party is conditional upon an offer of performance by the other.

In this case, the sellers were entitled to and did fix a reasonable time for closing the transaction. The buyers failed to close within that time, thereby relieving the sellers of further obligation under the contract except the return of the buyers' earnest money.

*By the Court.*—Judgment affirmed.